[656 NYS2d 616]

In the Matter of Larry K. Schwartzstein, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, April 22, 1997

### APPEARANCES OF COUNSEL

*Richard Supple* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*David S. Frankel* of counsel *(Kramer, Levin, Naftalis, Frankel,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Larry K. Schwartzstein was admitted to the practice of law in the State of New York by the Second Judicial Department on October 18, 1967. At all times relevant to this

proceeding, respondent maintained an office for the practice of law within the First Judicial Department. By motion dated February 24, 1997, respondent moves for an order pursuant to 22 NYCRR 603.16 (c) (1) (physical or mental infirmity which makes it impossible for respondent to defend himself in pending disciplinary proceeding) suspending him from practice.

The Departmental Disciplinary Committee (DDC) commenced an investigation of respondent upon the December 7, 1995 complaint of the Office of the Law Guardian, by Emily Olshansky, Esq., alleging that respondent had double-billed both that Office and the Assigned Counsel Plan for in-court time on the same days, and had submitted false and inflated vouchers in 1994 and 1995. Respondent admitted the genuineness of the vouchers and the accuracy of DDC's calculations of the attested billable hours, but he relied on claims of poor record-keeping to deny any fraudulent intent. DDC rejected the defense, indicating that, but for the present motion, it would have filed formal charges alleging, *inter alia*, violations of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3) (dishonesty, fraud, deceit, misrepresentation); DR 1-102 (A) (5) (conduct prejudicial to the administration of justice); and DR 1-102 (A) (8) (conduct adversely reflecting on fitness to practice law).

Respondent attaches to his affidavit four physicians' letters establishing that he suffers from diabetes, glaucoma, severe rheumatoid arthritis, coronary artery disease, and other debilitating illnesses, and that he has required extensive surgery, including hip replacements, quadruple coronary artery bypass, and operations to reduce arthritic suffering, which had left him bedridden for several months prior to the motion. The physicians' letters indicate that respondent had to reduce his activities and stress. The affidavit in support indicates that he already had voluntarily relinquished representation of clients, significantly reducing his practice. His attorney indicates that respondent has been unable adequately to assist in the preparation of his defense, which has impeded review and discussion of documents. By affirmation dated March 6, 1997, DDC staff counsel supports respondent's motion, indicating counsel's personal observation of respondent's condition.

Accordingly, since the affidavit complies with the requirements of 22 NYCRR 603.16 (c) (1), and the Departmental Disciplinary Committee joins respondent's application, respondent's motion is granted, suspending him from the

practice of law, effective immediately, and until the further order of this Court.

MILONAS, J. P., ROSENBERGER, ELLERIN, NARDELLI and TOM, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective April 22, 1997, and until the further order of this Court.